# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| FRANCISCO SARCOS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:21-cv-00196-JDP<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d); ORDER<br><br>ECF Nos. 23, 24 |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of four thousand two hundred forty two dollars and three cents ($4,242.03) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel, Jesse S. Kaplan. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and expenses to be made directly to Mr. Kaplan, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Mr. Kaplan.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Jesse S. Kaplan including may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Mr. Kaplan to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

This stipulation is intended to terminate the motion filed by Plaintiff at Dkt. No. 23.

Respectfully submitted,

Dated: March 15, 2022

*/s/ Jesse S. Kaplan\**
(*as authorized via email on March 15, 2022)
JESSE S. KAPLAN
Attorney for Plaintiff

| | | |
|---|---|---|
| Dated:  March 15, 2022 | | PHILLIP A. TALBERT<br>United States Attorney<br>PETER K. THOMPSON<br>Acting Regional Chief Counsel, Region IX<br>Social Security Administration |
| | By: | */s/ Allison J. Cheung*<br>ALLISON J. CHEUNG<br>Special Assistant U.S. Attorney<br>Attorneys for Defendant |

**ORDER**

Pursuant to the above Stipulation, ECF No. 24, and for good cause shown, it is ordered that plaintiff be awarded attorney fees and expenses in the amount of four thousand two hundred forty-two dollars and three cents ($4,242.03) under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. Plaintiff's motion for attorney fees, ECF No. 23, is granted as consistent with this stipulation.

IT IS SO ORDERED.

Dated:   March 28, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE